McMILLAN *v.* CITY OF PONTIAC.

MUNICIPAL CORPORATIONS—POLICE OFFICERS—CHIEF.
  The law with respect to the responsibilities and duties of municipal police officers makes no distinction between those of an acting chief and a member of the department.

Appeal from Oakland; George (Fred W.), J., presiding. Submitted January 10, 1939. (Docket No. 72, Calendar No. 40,208.) Decided April 4, 1939.

Removal proceedings by City of Pontiac against Charles McMillan before the police and fire trial

board.   Officer McMillan reviewed judgment of dismissal by certiorari in circuit court.   Judgment for Officer McMillan.   City of Pontiac appeals.   Reversed without a rehearing.

*Howard I. Bond* and *Thomas P. Gillotte,* for Officer McMillan.

*George A. Cram,* for City of Pontiac.

BUSHNELL, J.   Three cases came before the court, at the January term of 1939, involving hearings before the police and fire trial board of the City of Pontiac and its dismissal of members of the Pontiac police department.   The other cases are, *Mapley* v. *City of Pontiac, ante,* 396, and *Calvert* v. *City of Pontiac, ante,* 401.   Although each record contains slightly different facts, they are essentially the same and the legal issues in the three cases are practically identical.   It is unnecessary to restate all the facts and issues.

Mapley, appellee in one of the above cases, was a member of the police force, and McMillan, plaintiff and appellee herein, was acting chief of the department.   The law with respect to the responsibilities and duties of police officers makes no distinction between those of an acting chief and a member of the department.

Our opinion in the *Mapley Case* controls decision in the instant case.   Under the court's decision in that case, judgment of the circuit court, in vacating the order of the police and fire trial board, is reversed without a rehearing.   The same decision must be rendered in the instant case, and it is so ordered, with costs to appellant.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.